PER CURIAM.
Appellants were defendants below. Their separate appeals from a summary final decree were consolidated. The issues and questions involved may best be stated by quoting the extensive final decree entered by the chancellor, which was as follows:
“The issue in this case is whether the defendants are conducting the business of an auto transportation company as defined by Section 323.01 of the Florida Statutes [F.S.A.] without having obtained proper authority therefor *900 from the plaintiff, Florida Railroad and Public Utilities Commission, as required by Section 323.02 and subsequent sections of the statutes. Both the plaintiffs and the defendants have moved for a summary decree, and it is apparent from the pleadings and depositions filed that the material facts with respect to defendants’ operations are not in dispute, that there is no substantial issue of fact to be tried, and that a summary decree should be entered on the record before the court.
“The Amended Complaint alleges that the defendants, having no authority to conduct hauling for compensation over the public highways, ‘have so organized and co-ordinated their activities that they provide services for shippers which are identical with those performed by carriers properly authorized and regulated by law.’ It is alleged that this is done by making it possible for a shipper to lease a tractor and trailer on a one-way ‘trip-lease’ basis and to obtain a driver for the vehicle who is employed by the shipper only during the period of the lease, that such lease and such employment cover only the period while the goods of the shipper are being hauled from origin to destination (hence the terms ‘trip-lease’ and ‘trip-employment’), and that the shipper pays for such service on a per-mile basis computed from the origin to destination of the shipment, the result being a transportation service furnished without the shipper having assumed any of the economic burdens and risks incident to a transportation operation of this kind.
“The answers of the defendants contain general denials of the material allegations of the amended complaint as outlined above, but the depositions taken of the defendants clearly show that the amended complaint states accurately the method employed by the defendants in furnishing the cne way trip service.
“The defendants, E. N. Cook, Traffic Advisory Service, Inc., and Control System, Inc. furnish the vehicles. Cook is the president and controlling officer of Traffic Advisory Service and acts as agent for Control System, the owner of the trucks, and Traffic Advisory Service is paid a commission by Control System for obtaining shippers to rent vehicles. The shippers pay from 18^ to 27‡ per mile for the use of the vehicles.
“The defendants Samuel G. Gager and Driver’s Dispatch, Inc. furnish the drivers, Gager being the president and controlling officer of Driver’s Dispatch, Inc. Shippers employ drivers through these defendants and pay them 6‡ per mile and pay Driver’s Dispatch per mile for the service of obtaining the drivers.
“The result is that shippers obtain a transportation service for a total cost computed in cents per mile for the actual number of miles their goods are hauled. Sometimes the mileage is computed to a vehicle turn-in destination point other than the destination of the goods. The result, however, is essentially the same. The shippers pay for the service without having to assume any of the normal economic burdens of bona fide private transportation. The defendants and the drivers furnished are the ones who bear the burdens of the investment in equipment, its depreciation, its loss, its maintenance, its non-utilization, all risk of unemployment or non-utilization of personnel, and losses caused by breakdowns, delays, sickness, or other unf orseeable events. See United States v. Drum, 368 U.S. 370 [82 S.Ct. 408], 7 L.Ed.2d 360 for discussion of these factors as showing whether a lease and employment type of arrangement constitutes bona fide private transportation.
“The defendants urge that there is no connection between the leasing of the trucks and the hiring of the driver, *901 that a shipper leasing a tractor and trailer from Control System may obtain a driver from any source provided the driver is qualified and that a shipper hiring a driver through Driver’s Dispatch is not required to lease vehicles from Control System. The determining factors, however, are that, regardless of who the driver is or who the truck lessor is, the services performed for the shipper when a trip-lease is coupled with the trip-employment of a driver are coordinated in such manner as to provide what is essentially hauling for compensation and therefore subject to regulation under the definitions in Section 323.01 of the Florida Statutes [F.S.A.].
“There is an abundance of evidence in the depositions of the defendants to show how they work together to make this service possible. The truck lessor knows that his vehicle is being leased to a shipper for a one-way haul and makes certain that the driver employed is qualified. This is made easy by the lease providing for the driver to sign it for the shipper. The general manager of Control System testified as to the confidence he had in the drivers recommended to shippers by Mr. Gager of Driver’s Dispatch, and Mr. Gager testified that about 70% of his drivers drive trucks for Control System. The answer of Control System admits that it has agencies in various places in the United States where northbound trip-leases are terminated and the equipment turned in by the drivers. The testimony shows that new southbound trip-leases to other shippers are made from these points and that the drivers are there re-employed by such shippers for their southbound movements. These drivers would be stranded all over the country if the cooperative arrangements involved here did not insure their reemployment by another shipper having southbound traffic, and the record shows that the drivers and the vehicles are promptly re-employed for such movements.
“The services of both Control System and the agency for the employment of drivers are widely adv'ertised among shippers and documents are distributed which explain in detail how the system works. Shippers are not treated alike. Some are favored with lower rates per mile for vehicle rental than others.
“The evil is the unregulated transportation service that results from the trip-lease coupled with the trip-employment of drivers, and the service would not be possible but for the coordination of the activities of the defendants which makes such service possible. The law requires that motor carrier operations be conducted without any shadow of subterfuge or attempted evasion and in good faith and that any plan, scheme or device disguising the true nature of the transaction will be of no avail for that purpose. Bruce’s Juices v. King, (Fla.1952) 61 So.2d 175, State [ex rel. Florida R. R. and Public Utilities Comm.] v. Ingalls, (Fla.App.1958) 106 So.2d 570, Allen v. U. S., (U. S.Dist.Ct. of Fla.1960) 187 F.Supp. 625.
“It is apparent to the court that these principles of law govern the facts in this case, that the defendants by making possible the combination of trip-leasing of vehicles and the trip-employment of drivers are transporting property for compensation and should be enjoined until proper authority is obtained from the Florida Railroad and Public Utilities Commission. Injunctive relief is authorized by Section 323.24, Florida Statutes [F.S.A.], which also authorizes an accounting for unpaid mileage taxes.”
The decree then proceeded to grant an injunction as prayed for, and order an accounting. The decree was clarified and the form of injunction was amended on rehearing.
*902 In his final decree the able chancellor clearly stated the matters under consideration and made proper disposition thereof, and we need add little to what he stated and held there. We reject, as did the chancellor, an argument of appellants that the evidence was insufficient to establish the condition found to exist as set out by the chancellor and that his ruling was in contravention of prior decisions (Lawrence v. Goddard, 124 Fla. 250, 168 So. 13, and State ex rel. Fohl v. Karel, 131 Fla. 305, 180 So. 3). A concern may lease trucks and another concern may furnish drivers, outside the statute, but when the two act together or are in combination in tile manner found to exist here, the statute becomes applicable to them.
Accordingly the decree and the rehearing order which are appealed from are affirmed.
Affirmed.